# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK K. ANCRUM,<br><br>               Petitioner,<br>  vs.<br>GARY SWARTHOUT, Warden,<br><br>               Respondent. | CASE NO. 11cv2686-WQH-PCL<br><br>ORDER |

HAYES, Judge:

       The matter before the Court is the review of the Report and Recommendation (ECF No. 24) issued by United States Magistrate Judge Peter C. Lewis, recommending that this Court deny Petitioner Derek K. Ancrum's Petition for Writ of Habeas Corpus (ECF No. 1).

**I.**    **Background**

       In December 2007, a jury in San Diego County Superior Court found Petitioner guilty of five counts of second degree robbery and one count of attempted robbery. The jury found true the allegations that Petitioner personally used a firearm during the commission of two of the robberies. Petitioner admitted two prior strikes and serious felony convictions, and two prior prison terms. The state court sentenced Petitioner to an indeterminate term of 150 years to life, plus a determinate term of 28 years.

       On October 29, 2009, the California Court of Appeal affirmed the judgment of the trial court in an unpublished opinion. (Lodgment 6). On December 3, 2009, the California Supreme Court denied Petitioner's petition for review without comment. (Lodgment 8).

       On September 13, 2010, the San Diego County Superior Court denied Petitioner's

1 petition for writ of habeas corpus. (Lodgment 10). On November 4, 2010, the California
2 Court of Appeal denied Petitioner's habeas petition. (Lodgment 12). On December 14, 2010,
3 the California Supreme Court denied Petitioner's habeas petition. (Lodgment 14).

4 On November 7, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant
5 to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California.
6 (ECF No. 1). Petitioner alleges his federal constitutional rights were violated on four grounds:
7 (1) jury misconduct tainted the trial; (2) trial and appellate counsel were ineffective; (3)
8 prosecutorial misconduct tainted the trial; (4) and Petitioner was actually innocent.

9 On November 17, 2011, the Petition was transferred to this Court. (ECF No. 5).
10 On March 23, 2012, Respondent filed an Answer to the Petition. (ECF No. 13).
11 The docket reflects that Petitioner did not file a traverse.
12 On December 18, 2012, the Magistrate Judge issued the Report and Recommendation,
13 recommending that the Petition be denied in its entirety. (ECF No. 24). The Report and
14 Recommendation concludes: "Any party may file written objections with the Court and serve
15 a copy on all parties on or before January 4, 2013.... The parties are advised that failure to file
16 objections within the specific time may waive the right to appeal the district court's order."
17 (ECF No. 24 at 18-19 (citation omitted)).

18 The docket reflects that neither party filed objections to the Report and
19 Recommendation.

20 **II.     Review of the Report and Recommendation**

21 The duties of the district court in connection with a report and recommendation of a
22 magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. §
23 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district]
24 court shall make a de novo determination of those portions of the [report and recommendation]
25 to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district
26 court need not review the report and recommendation de novo. *See United States v.*
27 *Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept,
28 reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). The Court concludes that the Magistrate Judge correctly determined that the Petition should be denied. The Court adopts the Report and Recommendation in its entirety.

### III.  Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court has denied the Petition, the Court finds that Petitioner has raised colorable, nonfrivolous constitutional arguments with respect to Petitioner's claims alleging juror misconduct and ineffective assistance of counsel. The Court grants a certificate of appealability as to grounds one and two of the Petition.

### IV.  Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 24). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is GRANTED. The Clerk of the Court shall close this case.

DATED: January 25, 2013

　　　　　　　　　　　　　　　*William Q. Hayes*
　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
　　　　　　　　　　　　　　　United States District Judge