# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK K. ANCRUM,<br><br>                Petitioner,<br>   vs.<br>GARY SWARTHOUT, Warden,<br><br>                Respondent. | CASE NO. 11cv2686-WQH-PCL<br><br>ORDER |

HAYES, Judge:

      On November 7, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California. (ECF No. 1). On November 17, 2011, the Petition was transferred to this Court. (ECF No. 5).

      On December 18, 2012, the Magistrate Judge issued a Report and Recommendation, recommending that the Petition be denied in its entirety. (ECF No. 24). The docket reflects that neither party filed objections to the Report and Recommendation.

      On January 25, 2013, the Court issued an Order adopting the Report and Recommendation in its entirety, denying the Petition, and granting a certificate of appealability. (ECF No. 25). The Clerk issued a Judgment on January 28, 2013. (ECF No. 26).

      On February 11, 2013, Petitioner filed a letter which stated:

> I have not received all of my mail [related] to this Habeas Corpus [case].... I did not receive the Magistrate Judge's ruling that was issued on December 18, 2012.... Petitioner is making a motion for a 30 day extension in preparing for his appeal with regards to his [certificate of appealability] being granted.... If the Court could deem this one of those rare occasions where legal counsel is appointed I would gladly appreciate it....

1  (ECF No. 1-3). The Court construes Petitioner's February 11, 2013 letter as a motion for
2  thirty-day extension of time to file a notice of appeal and a motion for appointment of counsel.

3  Federal Rule of Appellate Procedure 4 permits a district court to extend the time for a
4  plaintiff to file a notice of appeal upon a showing of good cause or excusable neglect. *See*
5  *State of Or. v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir. 1982); *see also* Fed. R.
6  App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the
7  prescribed time or 14 days after the date when the order granting the motion is entered,
8  whichever is later."). The Court finds that Petitioner has shown good cause for a thirty day
9  extension of time to file a notice of appeal pursuant to Rule 4(a)(5).

10  When a federal court "determines that the interests of justice so require, representation
11  may be provided for any financially eligible person who" is seeking relief under 28 U.S.C. §
12  2254. 18 U.S.C. § 3006A(a)(2)(B); *see LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987);
13  *see also* Rules Governing § 2254 Cases, Rule 8(c). After considering the relevant factors,
14  including the legal and factual complexity of the Petition, the likelihood of success on the
15  merits, and Petitioner's understanding and presentation of the issues, the Court denies
16  Petitioner's request for appointment of counsel.

17  IT IS HEREBY ORDERED that the Court construes Petitioner's February 11, 2013
18  letter as a motion for thirty-day extension of time to file a notice of appeal and a motion for
19  appointment of counsel. (ECF No. 28). So construed, motion for thirty-day extension of time
20  to file a notice of appeal is GRANTED, and the motion for appointment of counsel is
21  DENIED. The Clerk of the Court shall mail Petitioner a copy of this Order, the December 18,
22  2012 Report and Recommendation (ECF No. 24), the January 25, 2013 Order adopting the
23  Report and Recommendation (ECF No. 25), and the January 28, 2013 Judgment (ECF No. 26).
24  This case remains closed.

25  DATED: February 21, 2013

26  
**WILLIAM Q. HAYES**
27  United States District Judge

28